W. H. HOBBS v. J. T. ROBISON, COMMISSIONER, ET AL.

No. 1944.   Decided January 19, 1910.

**School Land—Competing Bids—Transmission by Mail.**

One whose bid for the purchase of school land under the Act of April 15, 1905, was not on file with the Commissioner of the General Land Office on the day set for opening bids and awarding land to applicants, can not complain of the award of same to a purchaser offering less, though his application was mailed in time to have been received and considered if delivered in the usual course of the mail (Byrne v. Robison; ante 20, followed).

Original application to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office.

*James & Yeiser,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins* and *L. A. Dale,* Assistants, for respondent.

Mr. Chief Justice Gaines delivered the opinion of the court.

This is an application for the writ of mandamus to compel J. T. Robison, Commissioner of the General Land Office, to cancel an award of a certain portion of school land to one Kell and to accept relator's bid for the land as being the highest and best bid for the same. But the petition shows that on the day the bids were to be opened his application to purchase and his bid for the land had not in fact been received in the General Land Office. His bid was mailed as required by law to the Commissioner of the General Land Office by registered letter and it reached the postoffice in Austin in time to have been taken out by the Commisisoner and to have been before the Commissioner when the bids were opened. It was in the post-office on Friday and the public offices of the State were closed on Saturday on account of the death of Governor Lanham; on Sunday no public business was transacted, and Monday was the day for opening the bids, when the bid of corespondent Kell was the only one which had been received. The relator's bid was not received until Tuesday.

The case of Byrne against the Commissioner of the General Land Office, decided at a former day of this term, presented a similar state of facts. In that case the relator Byrne's application and his bid was on file in the Land Office on the day the bids were to be opened; but Mrs. Nannie May Williams had mailed her application and bid, which reached the postoffice in Austin in time to have been taken out and to have been with the Commissioner at the time the bids were opened; but by reason of the fact that the employe of the Land Office whose business it was to attend to the postoffice and procure the mail for the General Land Office had been granted a vacation and had neglected to instruct his substitute to call at the registry window of the postoffice for the registered mail, the latter failed to do so and the package of Mrs. Williams was not delivered. We held in that case that Byrne's application and bid being the only one on file on the day for opening the bids, he was entitled to have the land awarded to him and the mandamus was granted. In accordance with the rule thus laid down the corespondent Kell's bid being the only bid on file in the Land Office when the bids were opened, his bid was the only one to be considered and he is entitled to an award of the land.

The mandamus is therefore refused.

*Mandamus refused.*